**NATIONAL RURAL LETTER CARRIERS ASSOCIATION and Clifton Boone**

v.

**UNITED STATES POSTAL SERVICE.**

Civ. No. 3–82–558.

United States District Court, E.D. Tennessee, N.D.

Jan. 5, 1983.

Allen S. Blair, Memphis, Tenn., for plaintiffs.

John W. Gill, U.S. Atty., Knoxville, Tenn., Thomas H. Pigford, Regional Labor Counsel, Memphis, Tenn., for defendant.

## MEMORANDUM

WINNER, District Judge, Sitting by Designation.

The parties have filed cross motions for summary judgment and the Postal Service alternatively asks for dismissal for lack of jurisdiction. The Postal Service jurisdictional motion rests on a claim that all grievance steps required by a labor contract have not been exhausted.

I don't think that it can be said that there are no fact issues, but I do think that there are probably few, if any, issues as to "material" facts. Everyone is pretty much in agreement as to what finally happened in the case, but the agreed record is somewhat confusing.

Clifton Boone is a member of the National Rural Letter Carriers Association. The Postal Inspectors suspected that he was stealing from the mail, and they arranged for a testing procedure. A test letter was given to Mr. Boone for delivery on his route to an addressee he had earlier said didn't reside on the route. The envelope showed that the sender was a coin dealer, and the package was accepted for delivery by Mr. Boone. However, when he completed his route, he was confronted by the Postal Inspector and was unable to produce the letter. On the floor of Mr. Boone's vehicle parts of the test letter were found.

Following review of the investigative memorandum, the postmaster filed charges

against Mr. Boone on June 28, 1982. In those charges he was notified of his grievance rights and he took advantage of at least the first step. The contract requires that the first step be a presentation of the matter to the employee's supervisor [the postmaster in this case] and that a step-one decision be made in five days. It wasn't, but the postmaster and the grievant say the time for decision was extended by agreement, but it is less than clear as to how and how much of an extension was agreed to. In any event, on July 22, 1982, the grievance was upheld and the plaintiff was ordered to be reinstated. In the meantime, the union steward filed another grievance form dated July 14, 1982, which mentioned no extension of time for the step-one decision and which said that the case was appealed to step 2. So, with the case appealed, the postmaster came down with a decision eight days later. Apart from the unclear extension of time for the supervisor's decision there is the problem that once a matter is appealed to an appellate tribunal, the lower tribunal loses jurisdiction.

By remarkable coincidence, July 22, 1982, resulted not only in the postmaster's written decision, but it also was the date of the step-2 decision by the Sectional Center Manager and his decision. That written decision said that the charges against grievant were fully supported, and he was ordered removed from the service. On July 28, 1982, with a reference to "Step-2 Grievance—Our No. 32 Clifton H. Boone," the Sectional Center Director commented:

"The Vonore, TN, Postmaster did make a statement on July 22, 1982, that she wanted to sustain the grievance. On July 26, 1982, the Vonore Postmaster again contacted Mr. Fred Mize, Area Steward, and informed him that the decision was to deny the grievance."

A formal Step-2 decision denied the grievance and said:

"The decision of the Step-1 designee was untimely and therefore meaningless. In addition, the Step-1 designee rescinded her decision to sustain the grievance. Just cause existed for the removal action."

Following the Step-2 decision, on August 10, 1982, the union wrote the employer, "We appeal to step 2B the grievance filed by Clifton H. Boone." The Step 2B appeal was denied on September 1, 1982, and three weeks later this lawsuit was filed. Plaintiffs want the court to order the Postal Service to accept and go alone with the postmaster's July 22, 1982, later rescinded and already appealed, decision.

Not surprisingly, defendant says that the Court is without jurisdiction to enforce either of the contradictory rulings of the postmaster and plaintiff surely doesn't want the Court to order enforcement of the appellate decisions. I agree with both sides that the Court should order enforcement of none of the decisions made in the course of the uncompleted grievance procedures, and I agree with defendant that essential conditions precedent to getting into this Court have not been performed nor have they occurred.

If ever there were a case in which the principle that the labor expertise of the contracting parties and the arbitral process should be taken advantage of in labor disputes, this is the perfect case for application of that principle. Neither party cites *International Union of Operating Engineers v. Flair Builders,* (1972) 406 U.S. 487, 92 S.Ct. 1710, 32 L.Ed.2d 248, but it emphasizes that with a proven agreement to arbitrate [and there is that proof here] even questions of laches should be arbitrated. The failure of the postmaster to decide within the 5-day period is a time limitation question, and I think that *Flair Builders* is squarely in point. The applicability of *Flair Builders* is even greater in this case. This is so because the real question before the Court is whether the argument as to which of the postmaster's July 22, 1982 decision controls. The parties overlook and do not cite the provision of the contract which settles the question as to whether a court or an arbitrator should answer the question. Section 5A says: "Any dispute as to arbitrability may be submitted and determined by the arbitrator. The arbitrator's determination shall be final and binding."

Plaintiff has jumped the gun in bypassing the clearly defined arbitration procedures. The *Steel Trilogy* decisions say that arbitration is to be favored, and here, we have an agreement to arbitrate. It is for the arbitrator to decide in the first instance whether the dispute is subject to arbitration, and if the arbitrator says that it is, that decision is final. Finally, I don't think that either side can seek specific performance of a non-final decision in the grievance process, and I think that this is a non-final decision.

There are factual disputes in the case, but I don't think that there are genuine issues as to material facts. The material facts requiring that an initial decision be made under the spelled out contract procedures aren't disputed. The alternative motion to dismiss or for summary judgment filed by the Postal Service is granted. The complaint and the action are dismissed.

Order Accordingly.